UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KENNETH JEROME VALENTINE,

        Defendant.
_____/

Case No. 1:99-CR-01-03

HON. RICHARD ALAN ENSLEN

**OPINION**

This matter is before the Court on Defendant Kenneth Jerome Valentine's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. This matter is also before the Court on Defendant's Motion for the Application on the Merits of the *Booker* Issue and the Inapplicability of *Teague v. Lane*, which the Court will address as a supplement to Defendant's first § 2255 Motion.

**I.   Procedural History**

On January 13, 1999, an Indictment was issued against Defendant and several other individuals, charging them with conspiracy to distribute and possession with intent to distribute cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). A jury trial commenced on January 24, 2000. Defendant was found guilty on February 11, 2000. Defendant appealed his sentence to the Sixth Circuit Court of Appeals, which affirmed the guilty verdict on July 21, 2003. (Dkt. No. 475.) Defendant then sought a Writ of *Certiorari* from the United States Supreme Court, which was denied on February 9, 2004. (Dkt. No. 486.) Defendant now makes a timely motion for relief under 28 U.S.C. § 2255. Upon review, this Court finds that an evidentiary

1

hearing is not necessary because the files and records of the case conclusively show that Defendant is not entitled to relief. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.   Standard of Review

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*. at 488. Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

## III.   Analysis

Defendant sets forth three arguments of ineffective assistance of counsel and one argument concerning the applicability of *Booker* in support of his § 2255 Motion, which the Court will now address in turn.

### A.  Ineffective Assistance of Counsel

#### i.   Standard

Defendant claims he was denied effective assistance of counsel in violation of the Sixth Amendment of the Constitution. In order to prevail on a claim of ineffective assistance, a defendant

2

must show two things: first, that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688.  In evaluating this prong, the court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight.  *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight").  In order to meet the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome."  *Id.*

### ii. Failure to object to enhancement based on prior conviction

Defendant argues his counsel was ineffective in failing to object when the government filed notice of a prior conviction under 21 U.S.C. §§ 841(b)(1)(A) and 851.  The conviction at issue is Attempted Delivery of Cocaine, Less than 50 grams to which Defendant pled guilty on May 1, 1992.  (*See* Presentence Report, ¶ 148.)  Defendant argues that the prior conviction was part of the Conspiracy to Distribute offense for which he was convicted in this case.  Therefore, Defendant contends, that the Attempted Delivery of Cocaine could not be considered a "prior" conviction for purposes of section 851 and in the calculation of Defendant's criminal history score.

Under U.S.S.G. § 4A1.2(a)(1), a "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere."  *See*

*United States v. Beddow,* 957 F.2d 1330, 1337 (6th Cir. 1992) (for purposes of criminal history, a defendant's prior state court conviction was considered final at the time of adjudication of guilt).

In *United States v. Thomas*, 211 F.3d 316 (6th Cir. 2000), the Sixth Circuit reiterated its previous holdings, stating that "[a]n episode is an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *Id.* at 319 (citing *United States v. Brady*, 988 F.2d 664, 668 (6th Cir. 1993); *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991) (holding that an earlier conviction for a state felony drug offense was properly considered a prior conviction for purposes of section 841(b)(1)(A) because the conspiracy continued after the state offense became final)). The Sixth Circuit further reinforced their holding in *Hughes* stating that:

> The propriety of inflicting severer punishment upon [repeat] offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted.

*Thomas*, 211 F.3d at 320 (citing *Hughes,* 924 F.2d at 1361; *Graham v. West Virginia*, 224 U.S. 616, 623 (1912)).

In this case, as in *Hughes*, the prior offense at issue was part of a series of events, but forms a separate unit within the whole. Defendant's conviction for Attempted Delivery of Cocaine was complete at the time of the conviction for conspiracy to distribute.[1] The relevant case law indicates that even if Defendant's attorney had objected to the Government's Notice, it would have been

---

[1]The Court notes that the Presentence Report indicates Defendant was convicted on the Attempted Distribution of Cocaine charge in 1992. The Conspiracy charged in this case was ongoing from 1991 through and including January 12, 1999.

denied. *See, e.g., Hughes, supra*; *Thomas*, *supra*; *Beddow*, *supra.* Therefore, counsel's failure to object was reasonable and Defendant fails to meet the *Strickland* standard.

### iii. George Stewart

Defendant also argues his counsel provided ineffective assistance when he failed to request a special jury instruction regarding witness George Stewart, who was a paid government informant. (Def.'s Br. at 8.) Since the Court gave an instruction to the jury regarding Stewart's status as a paid informant, any objection arguing that no such instruction was given would have been denied. Therefore, Defendant fails to meet the first prong of the *Strickland* standard and this argument will be denied.

### iv. Jury Selection

Defendant argues ineffective assistance of counsel during jury selection because his counsel did not object when the government dismissed the only African-American juror in this case. (Def.'s Br. at 10.) An objection was raised by a co-defendant's counsel when the United States exercised its peremptory challenge to strike this juror, and the Court upheld the use of the challenge, based on the United States' argument that it had non-discriminatory reasons for striking the juror. Although Defendant believes the United States struck this juror because it wished to have an all-Caucasian jury, he raises no evidence to support this claim and, therefore, fails to show that the juror would have been allowed to sit on the jury had his counsel objected to the removal. Defendant's argument on this ground will be denied because he fails to meet the first prong of the *Strickland* standard.

### B.  Relief under *Booker*

Defendant requests relief under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (U.S. June 24, 2004), and its more recent

decision in *Booker v. United States*, 2005 WL 50108 (U.S. Jan. 12, 2005). Defendant is seeking retroactive application to his case. Retroactivity is governed by the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288 (1989). Applying the *Teague* analysis in *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002), the Sixth Circuit held that the rule in *Apprendi*, the legal precedent which gave rise to the *Blakely* and *Booker* cases, would not be applied retroactively, consistent with the determination of other circuit courts of appeal. Furthermore, in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively on collateral review to cases "already final on direct review" at the time the Supreme Court issued the *Booker* decision. *Id.* at 855, 860-63; *see also McReynolds v. United States*, 397 F.3d 479 (7th Cir. Feb. 2, 2005) (holding that *Booker* does not apply retroactively to criminal cases which were final prior to the release of the *Booker* decision on Jan. 12, 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. Feb. 17, 2005) (holding that *Booker* is not retroactively applicable to a case on collateral review). Since Defendant's case was not pending at the time of the *Booker* decision, he is not entitled to relief pursuant to 28 U.S.C. § 2255.

**IV.     Conclusion**

For the above reasons, Defendant's Motions will be denied. Having so determined, pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to each of the issues raised. The Court has reviewed the issues individually as required by the decisions in *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all

issues asserted.  *See Slack*, 529 U.S. at 482-85; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).  Therefore, a certificate of appealability will be denied.

    A Final Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    April 26, 2005 |  /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |