UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                         No. 1:99-CR-01-03

v.                                                     Hon. Paul L. Maloney

KENNETH JEROME VALENTINE,

                    Defendant.

## SECOND MOTION FOR REDUCTION OF TERM OF SUPERVISED RELEASE UNDER FIRST STEP ACT

Kenneth Jerome Valentine seeks a reduction of his term of supervised release under the First Step Act and the holding of *Untied States v. Ware*, 964 F.3d 482 (6th Cir. 2020). We ask the Court to consider exercising its discretion under the First Step Act in consideration of the 18 U.S.C. § 3553(a) factors to reduce his period of supervised release.

*Background*

As the Court knows, Mr. Valentine and his co-defendants were convicted at trial in 2000 of a conspiracy to distribute cocaine and cocaine base between 1991 and 1999. Mr. Valentine was convicted under 21 U.S.C §§ 846 and 841(a)(1) and (b)(1)(A) for being involved with marijuana, cocaine, and relevant here, at least 50 grams of crack cocaine. He was also subject to 21 U.S.C. § 851. This made the statutory

penalties for Mr. Valentine between 20 years and life imprisonment and at least 10 years of supervised release.  21 U.S.C. § 841(b)(1)(A); PIR, RE1041, PageID4728.

Importantly here, because Mr. Valentine was tried before the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the jury was not asked to make drug quantity findings.

Instead, the offense of conviction as charged controlled the statutory sentencing range, and the sentencing court made drug quantity findings for purposes of the sentencing guidelines.  The sentencing court found the offense level to be 38, the maximum offense level under U.S.S.G. § 2D1.1 with no other guideline adjustments, and Mr. Valentine's criminal history category to be III, yielding a guideline range of 292 to 365 months imprisonment.  PIR, RE1041, PageID4728. The sentence imposed on June 8, 2000 was 292 months to be followed by 10 years of supervised release.

There were a number of changes to the sentencing guidelines as it relates to crack cocaine specifically, and more recently, to the drug quantity table generally. Amendments 706, 750 and 782 all have the effect of changing the threshold quantities of crack cocaine involved for applying the maximum offense level of 38.  Mr. Valentine sought relief under each guideline amendment.  Each time, his requests were denied.

On April 4, 2019, Mr. Valentine filed a pro se motion for sentence reduction under the First Step Act.  Pro Se Motion, RE1044, PageID4744-4745. Counsel was appointed.

Section 404 of the First Step Act made the statutory sentencing scheme of the Fair Sentencing Act retroactive.  The Fair Sentencing Act of 2010 lowered the threshold quantity of drugs necessary to trigger different statutory penalties for offenses involving crack cocaine.  The Fair Sentencing Act increased the threshold quantity for applying the five to 40 years imprisonment provisions of 21 U.S.C. § 841(b)(1)(B) to 28 grams of crack cocaine; previously involvement with five or more grams of crack cocaine triggered these penalties.  The Fair Sentencing Act changed the threshold quantity for applying the 10 years to life imprisonment provisions of 21 U.S.C § 841 (b)(1)(A) to 280 grams of crack cocaine – previously involvement with 50 grams or more of crack cocaine triggered these penalties.  The "unspecified quantity" subsection, § 841(b)(1)(C), remained unchanged in its sentencing scheme.

The statutory penalty range for between 28 grams and less than 280 grams of crack cocaine with a § 851 supplement following the Fair Sentencing Act is 10 years to life imprisonment and at least eight years of supervised release.  The statutory penalty range for unspecified quantities of crack cocaine with a § 851 supplement following the Fair Sentencing Act is up to 30 years imprisonment and at least six years of supervised release.

In his original First Step Act motion, Mr. Valentine asked the Court to reduce his custodial term and his term of supervised release because, he said, using the statute of conviction – involvement with at least 50 grams of crack cocaine –the penalty provisions of § (b)(1)(B) versus § (b)(1)(A) applied.  Mr. Valentine noted in his motion that he had already served about 20 years in prison for his non-violent drug

offense.  He also noted that he had earned his GED and done dozens of classes while he was in prison and had no disciplinary infractions for 17 years.

The Court found Mr. Valentine eligible for First Step Act relief and granted the motion in part.  It reduced the custodial sentence to time served on July 23, 2019.  But it left all other provisions of the original judgment in effect.  This includes the 10-year term of supervised release.

Mr. Valentine is serving that term of supervised release and is doing well.   He has been working since September 5, 2019 at Chassix Casting, second shift.   He is living at his own residence in Holland.  He was initially required to do drug testing as a condition of his release, but that requirement has been discontinued because he had no problems.  In short, Mr. Valentine has adjusted very well to being back in the community and he is following the rules since being released to supervision about 17 months ago.  Mr. Valentine is now 47 years old and has one adult child who serves in the United States military.

*Argument*

After the Court decided Mr. Valentine's First Step Act motion in 2019, the Sixth Circuit decided *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020) and *United States v. Ware*, 964 F.3d 482 (6th Cir. 2020).  Both cases added clarity to First Step Act sentencing reductions.  In *Boulding*, the Sixth Circuit held that eligibility for a sentence reduction under the First Step Act is determined by a categorical inquiry that looks at the statute of conviction.   This approach was followed by the Court here when reducing Mr. Valentine's term of imprisonment

In *Ware*, the Sixth Circuit said that following *Apprendi*, when a defendant, like Mr. Valentine, was convicted by a jury that never made any drug amount finding, the defendant can only be sentenced under the "unspecified quantities" subsection, § 841(b)(1)(C).  *Ware*, 964 F.3d at 488.  The Sixth Circuit noted that while *Apprendi* does not apply retroactively on collateral review, "for a defendant like Ware, who was sentenced before *Apprendi,* consideration of the impact that *Apprendi* would have had on his statutory sentencing range is a factor that the district court may consider when deciding whether, in its discretion, to grant relief to a defendant whom Congress has made eligible for relief."   *Id.* at 488; *accord United States v. Degroat*, 2020 WL 4592887 (E.D.Mich. Aug. 11, 2020); *United States v. Johnny Valentine*, No. 00-CR-00001 (W.D.Mich. July 15, 2020).

If Mr. Valentine were sentenced today post-*Apprendi*, the statutory term of supervised release required would be at least six years under § 841(b)(1)(C), versus the 10-year term currently imposed.  We did not have the benefit of the Sixth Circuit's guidance in *Boulding* and *Ware* to present to the Court at the time of Mr. Valentine's original First Step Act motion.  Mr. Valentine is grateful to the Court for reducing his custodial term, but he now asks the Court in light of *Ware* to exercise its discretion and reduce his term of supervised release that is now 10 years, down to the would-be statutory minimum term of six years.

Mr. Valentine asks the Court to consider his age, the progress he made in prison and his smooth transition back into the community, as reasons for reducing the term of supervised release from 10 years to six years.

Respectfully Submitted,

Dated: November 30, 2020

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant

__s/Britt Morton Cobb_____
Britt Morton Cobb (P69556)
300 Ottawa Avenue, N.W, Suite 810
Grand Rapids, Michigan 49503
(616) 458-2212
bmc@willeychamberlain.com