UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,          Case No. 1:99-cr-1-03

        v.          Hon. Paul L. Maloney
        U.S. District Judge

KENNETH JEROME VALENTINE,

        Defendant.
_____/

### RESPONSE TO SECOND FIRST STEP ACT MOTION

Defendant Kenneth Valentine has filed a second motion for reduction of his term of supervised release pursuant to Section 404 of the First Step Act of 2018, P.L. 115-391. (ECF No. 1072.) The motion should be dismissed because the First Step Act does not permit the filing of more than one motion under Section 404. In the alternative, the motion should be denied as a matter of discretion.

### BACKGROUND

Kenneth Valentine was a member of the Valentine family drug organization in Benton Harbor, Michigan. In 1999, he and other members of the organization were indicted for conspiring to possess with intent to distribute, and distribute, cocaine, crack cocaine, and marijuana. (R.1: Indictment, PageID.1618.) The indictment did not allege any particular quantity of drugs, but did cite 21 U.S.C. § 841(b)(1)(A) as the penalty provision. (*Id.* at PageID.1620.) That section provided a penalty of ten years to life in prison, and at least five years of supervised release, if the offense

1

involved at least five kilograms of cocaine, 50 grams of crack cocaine, or 1,000 kilograms of marijuana. The government also filed a supplemental information based on Kenneth's[1] prior felony drug conviction, which increased his penalty range to 20 years to life in prison, and at least 10 years of supervised release. (R. 217: Supp. Inf.)

Kenneth and other defendants were found guilty following a jury trial. During the trial, Jerry Lee Butler, the lead defendant and principal drug supplier to the Valentine organization, testified that from 1994 to 1999, he sold the Valentines over 50 kilograms of crack cocaine. Other witnesses also corroborated much of Butler's information.

The Probation Office attributed "well over 1.5 kilograms of crack cocaine" to Kenneth Valentine. That established a base offense level of 38. (R. 924: PSR ¶ 137, PageID.4161.) At criminal history category III, that produced a guideline "range" of life in prison. Kenneth objected to drug quantity. His counsel argued that a quantity of one kilogram of crack cocaine was more reasonable. (R.924: PSR, Addendum, PageID.4172.)

At sentencing, the Court (Judge Enslen) overruled the drug quantity objection. The Court found that a preponderance of the evidence supported the conclusion that "the conspiracy purchased at least 1.5 kilograms of crack cocaine and a great deal more." (R.147: Sent. Tr., PageID.1517-18.) The Court computed Kenneth's guideline range to be 292-365 months in prison, and imposed a sentence of 292 months in

---

[1] This brief refers to Kenneth Valentine as "Kenneth" to avoid confusion, given the number of co-defendants with the last name Valentine.

custody, to be followed by 10 years of supervised release. (R.359: Judgment.) The judgment did not cite a statutory penalty provision.

Shortly after Kenneth's sentencing, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any fact that increases a defendant's maximum sentence must be found by the trier of fact beyond a reasonable doubt. On direct appeal, Kenneth challenged the Court's drug quantity determination. He also argued that he had been sentenced in violation of *Apprendi*. The Sixth Circuit rejected those claims and affirmed Kenneth's conviction and sentence. *United States v. Valentine,* 70 F. App'x 314 (6th Cir. 2003). In its opinion, the court noted that "[t]he evidence … [was] overwhelming and essentially unrefuted that the participants in this conspiracy were responsible for at least 1.5 kilograms of crack." *Id.* at 320. The court also found that no *Apprendi* violation had occurred since Kenneth's sentence did not exceed the maximum sentence authorized by 21 U.S.C. § 841(b)(1)(C), the penalty provision for an unspecified amount of crack cocaine. *Id.* at 330-31.

Kenneth filed a § 2255 motion, which was also denied. He has also filed several motions for reduction of sentence based on retroactive guideline amendments that reduced the base offense level for various quantities of drugs, but those motions were denied due to the large quantity of drugs for which he was held responsible. In denying one of those motions, this Court made a finding that Kenneth and other conspirators were responsible for more than 25.2 kilograms of crack cocaine. That finding was upheld on appeal. *United States v. Valentine (Valentine III),* 692 F. App'x 235, 239 (6th Cir. 2017).

On April 19, 2019, Kenneth's appointed counsel filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (R.1048: Mot., PageID.4753.) Section 404(b) of that Act authorized district courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." Kenneth argued that he was eligible for a reduction of sentence under the First Step Act. He also requested a reduction in his term of supervised release from ten years to eight years. (*Id.* at PageID.4757-58.) The government argued that Kenneth was not eligible for a sentence reduction based on the amount of drugs for which he was held accountable. (R. 054: Resp., PageID.4841.) In the alternative, the government argued that the motion should be denied in the Court's discretion because Kenneth's guideline range remained unchanged due to the large quantity of drugs involved. (*Id.* at PageID.4842.) The Court implicitly found Kenneth eligible for a sentence reduction and reduced his sentence to time served (approximately twenty years). (R.1059: Order, PageID.4878.) However, the Court left all other provisions of the original judgment (including the term of supervised release) unchanged. (*Id.*)

Kenneth appealed the Court's ruling, arguing that the Court had abused its discretion by not also reducing his term of supervised release and/or by not stating its reasons for doing so. The Sixth Circuit affirmed. (R.1063: Order, PageID.4885.)

Now, Kenneth has filed a second motion to reduce the term of his supervised release, citing *United States v. Ware,* 964 F.3d 482 (6th Cir. 2020). (R.1072: Mot., PageID.4917.) Although he requested a "modest" reduction to eight years of

supervised release in his original motion, he is now requesting a reduction to six years, pursuant to 21 U.S.C. § 841(b)(1)(C). (*Id.* at PageID.4921.)

## DISCUSSION

### I. The Motion Is Barred by Section 404(c) of the First Step Act.

Section 404(c) of the First Step Act provides, in part, that "[n]o court shall entertain a motion made under this section to reduce a sentence if … a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Kenneth has filed a previous motion for reduction of sentence under the First Step Act. The parties fully briefed the merits of the motion to reduce Kenneth's sentence and term of supervised release. Although the Court reduced the term of incarceration, the request for a reduction in the term of supervised release was denied "after a complete review of the motion on the merits." Therefore, pursuant to section 404(c), Kenneth is barred from filing a second motion for reduction of the term of supervised release. *See United States v. Rutherford*, 810 F. App'x 464, 466 (7th Cir. 2020) ("Section 404(c) says that the prisoner must be satisfied with one "complete review of the motion on the merits").

Kenneth ignores this prohibition. The Court does not have authority to entertain a second motion for reduction of the term of supervised release. Therefore, the motion should be dismissed. *See United States v. Harris*, 816 F. App'x 307, 308 (10th Cir. 2020) (district court correctly dismissed defendant's second motion).

5

## II. In the Alternative, the Motion Should be Denied as a Matter of Discretion.

In the event the Court concludes that it has authority to entertain the motion, the motion should be denied as a matter of discretion. The Court presumably concluded, in denying Kenneth's previous request, that a reduction in his term of supervised release was not warranted. At that time, Kenneth was requesting a reduction in his term of supervised release from ten years to eight years, which was the minimum term of supervised release under 21 U.S.C. § 841(b)(1)(B) for a defendant who had a prior felony drug conviction. He is now requesting a reduction down to six years, citing *United States v. Ware,* 964 F.3d 482 (6th Cir. 2020). (R.1072: Mot., PageID.4917.)

In *Ware*, the Sixth Circuit held that a district court, in considering a First Step Act motion, *may*, but is not required to, consider the impact of *Apprendi* on a pre-*Apprendi* defendant's sentence, even though *Apprendi* does not apply retroactively. 964 F.3d at 488. The defendant in *Ware*, like Kenneth, had been convicted of a drug offense prior to *Apprendi*, without any jury determination of drug quantity. He was sentenced, pursuant to § 841(b)(1)(A), to 360 months in prison based on a drug quantity determination made by the sentencing court by a preponderance of the evidence. In the absence of such a finding, he would have been subject to a 20-year maximum. After passage of the First Step Act, he moved to reduce his sentence. The district court concluded he was eligible for a reduction, but denied the motion as a matter of discretion. On appeal, the Sixth Circuit affirmed. "The [district] court considered the fact that, under *Apprendi*, Ware's statutory maximum would have

6

been lower because specified drug amounts were not found by the jury or charged in the indictment. The court ultimately decided that this factor did not weigh heavily in favor of granting relief.... In doing so, ..., the district court did not abuse its discretion." 964 F.3d at 489. The court of appeals left Ware's original sentence intact.

Although Kenneth Valentine argued in his original First Step Act motion that his term of supervised release should be reduced to eight years, the minimum required by 21 U.S.C. § 841(b)(1)(B) for a defendant with a prior felony drug conviction, he now argues, in light of *Ware*, that his term of supervised release should be reduced to six years, the minimum term required by 21 U.S.C. § 841(b)(1)(C) for a defendant with a prior felony drug conviction. However, the Sixth Circuit found on direct appeal that Kenneth was sentenced pursuant to 21 U.S.C. § 841(b)(1)(C), which distinguishes Kenneth's case from *Ware*. Kenneth's maximum sentence under 21 U.S.C. § 841(b)(1)(C) was 30 years, since he had a prior felony drug conviction. Since *Apprendi* did not affect Kenneth's sentence, *Ware* is not applicable to Kenneth's motion. The maximum term of supervised release permitted by 21 U.S.C. § 841(b)(1)(C) is life. *United States v. Kurkowski*, 281 F.3d 699, 703 (8th Cir. 2002) (holding that *Apprendi* does not affect the maximum term of supervised release); *United States v. Shorty*, 159 F.3d 312, 315 (7th Cir. 1998). *See also United States v. Dominguez*, 513 F. App'x 458, 461 n. 1 (6th Cir. 2013) (there is no maximum term of supervised release under § 841(b)(1)(C)).

Therefore, a ten-year term of supervised release is still permissible under 21 U.S.C. § 841(b)(1)(C). If the Court did not see fit to reduce Kenneth's term of

7

supervised release before, from ten years to eight years, he has given the Court no new reason to now reduce it from ten years to six years. It was Congress's intent that a defendant who dealt the amount of drugs Kenneth did, and who had a prior felony drug conviction, should be on supervised release for at least ten years. Although that is not mandatory in Kenneth's case, it is still justified. If Kenneth continues to do well on supervised release, he can petition the Court for an early termination of supervised release, pursuant to 18 U.S.C. § 3583, as at least one of his co-defendants has done. *See* R.1073, PageID.4923 (granting early termination of supervised release to co-defendant Corey Valentine).

## CONCLUSION

For the reasons stated above, Kenneth's Second First Step Act motion should be dismissed for lack of authority or denied as a matter of discretion.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Dated: December 22, 2020

/s/ Jennifer L. McManus
JENNIFER L. McMANUS
Assistant U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208


On Brief: John C. Bruha

8