UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:99-cr-1-03 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| KENNETH JEROME VALENTINE, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Kenneth Jerome Valentine, who has been released from prison and is currently serving a 10-year term of supervised release, filed this motion asking the Court to terminate the remainder of the term. (ECF No. 1077).

After a defendant has served one year of a longer term of supervised release, a court has the authority to terminate the remainder of the term and discharge the defendant. *See* 18 U.S.C. § 3583(e)(1); *United States v. Spinelle*, 41 F.3d 1056, 1059 (6th Cir. 1994). The decision to terminate the remaining term of supervised release falls within the court's discretion. *Spinelle*, 41 F.3d at 1059. Before terminating the remainder of the term, the court must be "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)1). The statute directs the court to consider the factors set forth in the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7).

Defendant is eligible for early termination; he has served more than one year of his term of supervised release. The various factors the Court should consider, though, weigh

against early termination. After a jury trial in June 2000, Defendant was found guilty of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana, a serious offense. *See* 18 U.S.C. § 3553(a)(1). He was sentenced to 292 months imprisonment. Defendant's original sentence was reduced to time served pursuant to the First Step Act in July 2019. Following the reduced sentence with early termination of supervised release risks undermining the adequacy of the deterrence for Defendant's criminal conduct. *See id.* § 3553(a)(2)(B). Because these factors weigh against early termination, and because none of the other factors weigh heavily in favor of early termination, the motion will be denied. *See, e.g., United States v. Suber*, 75 F. App'x 442, 443-44 (6th Cir. 2003). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for early termination of supervised release (ECF No. 1077) is **DENIED**. However, the Court will consider a renewed request for termination of supervised release made by the Defendant but not before August 8, 2024, assuming he continues to meet all terms of his supervised release in the interim.

Date:  September 29, 2021  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge