UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:99-cr-001-03 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| KENNETH JEROME VALENTINE, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Defendant Kenneth Valentine asks the Court to reconsider the prior order denying his motion for a reduction in his term of supervised release. (ECF No. 1081). Defendant argues that he moved for relief under 18 U.S.C. § 3583(e)(2) and the Court denied relief under §3583(e)(1). The Court will deny the motion.

In the prior motion (ECF No. 1077), Defendant requested, under § 3583(e)(2) that the Court reduce his term of supervised release. Defendant did not seek any specific reduction. (*See, e.g.,* PageID.4942 "However, the existence of this minimum term as the kind of sentence available for *sentencing* purposes does not limit this Court's discretion to reduce a term of supervised release forth than six years, according to *Spinelle*."). The Court denied the motion under § 3583(e)(1) as a request for early termination of supervised release and informed Defendant that the Court would consider a renewed request for early termination no earlier that August 8, 2024. (ECF No. 1079 PageID.4970.)

Section 3583 governs terms of supervised release after a term of imprisonment. Subsection (e) authorized a court to modify conditions or revoke a term of supervised

release. The subsection begins by identify the factors a court may considered before taking authorized action. After setting for the factors to be considered, subsection (e) allows a courts to (1) terminate a term of supervised release under (e)(1); (2) extend a term of supervised release or modify, reduce or enlarge the conditions of supervised release under (e)(2); (3) revoke a term of supervised release under (e)(3); or order a defendant to remain at his or her residence during nonworking hours under (e)(4).

Defendant has not identified any palpable defect for which correction would result in a different outcome. Defendant has not established either that the Court made a factual error or a legal error. The same factors govern all four possible changes to supervised release under subsection (e). The Court's prior order leaves in place the existing term of supervised release and allows Defendant to seek early termination in 2024. In effect, the Court denied Defendant's request to reduce his sentence and left open the possibility of a reduction in the future. Furthermore, any error was harmless. In an unpublished opinion, the Third Circuit held that only subsection (e)(1) authorizes reductions in a term of supervised release, noting that the text of subsection (e)(2) allows for extensions of the term of supervised release and changes to the conditions of supervised release. *United States v. Carter*, 517 F. App'x 77, 77-78 (3d Cir. 2013). Under the reasoning in *Carter*, this Court could not grant Defendant a reduction in the term of supervised release under (e)(2).

For these reasons, the Court **DENIES** Defendant's motion for reconsideration. (ECF No. 1081.) **IT IS SO ORDERED.**

Date:   October 18, 2021                               /s/  Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 United States District Judge